

LAW OFFICES OF
# SCOTT D. JOHANNESSEN

| TENNESSEE OFFICE: | CALIFORNIA OFFICE: |
|---|---|
| BLUECROSS BUILDING | ESQUIRE PLAZA |
| 3200 WEST END AVENUE, SUITE 500 | 1215 K STREET, SUITE 1700 |
| NASHVILLE, TENNESSEE 37203 USA | SACRAMENTO, CALIFORNIA 95814 USA |

## NOTICE OF UNLAWFUL FORECLOSURE
## IMMEDIATE ATTENTION REQUESTED

February 19, 2014

***Via Facsimile:*** 404.601.5846
**and Email:**    plublin@rubinlublin.com
           info@rubinlublin.com
           foreclosuredeeds@rubinlublin.com

Rubin Lublin, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092

      Re: Property Address:  1244 Mary Helen Drive, Nashville, Tennessee 37220
         Your File No.:    BAC-13-02942-4
         Sale Date:      February 20, 2014

Dear Sir or Madame:

    I represent Flex Yield Investments LLC ("FYI"), holder of the third position deed of trust and mortgage on the residential real property located at 1244 Mary Helen Drive in Nashville, Tennessee (the "Property"). A copy of the deed of trust, assigned to FYI by FirstBank on April 24, 2013, is enclosed herewith.

    I was informed earlier today that the Property has been scheduled for a trustee's sale, i.e., a foreclosure, by your law firm, presumably in its capacity as substitute trustee, on Thursday, February 20, 2014. Please be advised that FYI, a lienholder and an interested party under Tenn. Code Ann. § 35-5-104, received no notice of the contemplated and imminent sale. Indeed, the scheduled sale came as a complete surprise to my client, and apparently to the homeowner and at least one other junior lienholder.

    As you are aware, foreclosure trustees are responsible for conducting non-judicial foreclosures in accordance with Tenn. Code Ann. §§ 35-5-101 to 35-5-111. Rubin Lublin, LLC ("Rubin Lublin") is acting as a foreclosure trustee in the state of Tennessee. Rublin Lublin is also a debt collector under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* In addition, Rublin Lublin is a law firm that includes attorneys who regularly, frequently and consistently perform debt collection activities as part of their business services. As such, they also are "debt collectors" under the FDCPA.

    Your law firm is acting in contravention of the FDCPA's prohibitions vis-à-vis unlawful debt collection and mortgage foreclosure activities. As you know, the FDCPA prohibits taking "any action that cannot legally be taken or that is not intended to be taken," engaging in any conduct that would "[h]arass, oppress, or abuse any person in connection with the collection of a debt," and using "unfair or

unconscionable means" or "false, deceptive, or misleading representation or means" in debt collection activities. 15 U.S.C. §§ 1692d, 1692e, 1692f; Federal Trade Commission, *Staff Commentary on the FDCPA*, §§ 806, 807(5), 808.

See also, *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453 (6th Cir. 2013) (mortgage foreclosure is debt collection under the FDCPA, and attorneys engaged in the collection of debts are debt collectors subject to liability under the FDCPA); *Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003); *James v. Wadas*, 724 F.3d 1312 (10th Cir. 2013) (referencing Pub.L. No. 99–361, 100 Stat. 768 (1986), H.R.Rep. No. 99–405, at 1752, in which Congress repealed the attorney exemption in response to the large increase in the number of attorneys conducting debt collection); *Newman v. Boehm, Pearlstein & Bright*, 119 F.3d 477 (7th Cir. 1997); *Johnson v. Bullhead Invs., LLC*, 1:09CV639, 2010 U.S. Dist. LEXIS 2382 (M.D.N.C., January 11, 2010) (because the plain language of 15 U.S.C. § 1692k does not limit recovery to "consumers," courts have recognized that third-party, non-debtors may bring claims for violations of the FDCPA).

Your response to this letter, clearly and unequivocally conveying your firm's intentions regarding the ongoing mortgage foreclosure and debt collection activities related to the Property, the mortgage loan, the junior liens and the record owner, is requested as soon as possible. Time is of the essence.

This request to take remedial action is without prejudice to any person's or entity's rights at law or in equity. The foregoing is not an election to waive any right or remedy that anyone has not yet chosen to pursue. Nothing herein shall limit or waive anyone's rights or remedies including, but not limited to, the right to bring an action for damages and/or injunctive relief under any applicable federal, state or municipal law, statute or regulation.

Should you have any questions or comments regarding the above or the enclosed please do not hesitate to contact the undersigned.

Best regards,

Scott D. Johannessen

Enclosure

BILL GARRETT, Davidson County
Trans:T20110027233 DOT
Recvd: 05/06/11 15:19  6 pgs
Fees:33.00 Taxes:55.58

20110506-0035172

MAXIMUM PRINCIPAL INDEBTEDNESS FOR TENNESSEE RECORDING TAX PURPOSES IS $ 50,330.87

THIS INSTRUMENT PREPARED BY:
FirstBank Branch 70
200 Fourth Avenue North, Suite 100
Nashville, TN 37219

## DEED OF TRUST

☐ This instrument secures, among other things, an obligation or obligations incurred for the construction of an improvement on the hereinafter described Land and including the acquisition cost of the Land, and to that extent this instrument constitutes a "construction mortgage," as that term is used in Tenn. Code Ann. 47-9-334.

☒ This instrument secures obligatory advances for commercial purposes, as more particularly hereinafter described.

FOR IN AND CONSIDERATION OF the sum of Ten and No/100ths Dollars ($10.00) cash in hand paid and the other consideration hereinafter described, including the debt and trust hereinafter provided,

William E Kantz, Jr
(collectively, if more than one, the "Grantor") hereby bargains, sells, transfers, sets over and conveys to Investors Title Company, A Tennessee Corporation _____, a resident of [having its principal office in] Davidson _____ County, Tennessee, and its successors, successors-in-title and assigns as Trustee (collectively, if more than one, the "Trustee"; said term always referring to the Trustee and its successors in trust), all of Grantor's right, title and interest in and to the real property situated in Davidson _____ County, Tennessee, more particularly described as follows (the "Property"):

SEE ATTACHED DESCRIPTION FOR PROPERTY LOCATED AT: WK

1244 MARY HELEN DRIVE, NASHVILLE TN ~~37215~~ 37220

MATURITY DATE: 10-29-2011

TO HAVE AND TO HOLD the Property, together with the buildings, improvements, and fixtures thereon, and all appurtenances, hereditaments, estate, title and interest thereto belonging, to Trustee forever.

The Property is conveyed subject to the title exceptions, if any, set forth herein (collectively, if more than one, the "Permitted Exceptions").

Grantor covenants that Grantor is lawfully seized and possessed of the Property, has good right to convey it, and that it is unencumbered except for the Permitted Exceptions. Grantor further binds itself and its heirs, representatives and successors to warrant and forever defend the title to the Property to Trustee against the lawful claims of all persons whomsoever, other than claims arising out of the Permitted Exceptions.

William E Kantz, Jr _____ ("Debtor") is indebted to FirstBank _____ (herein referred to, together with its successors and assigns, as "Beneficiary" or "Secured Party") in the principal amount of Fifty Thousand Three Hundred Thirty and 87/100 _____ ($ 50,330.87 _____), which indebtedness is evidenced by one or more promissory notes payable to the order of Beneficiary (together with any extensions, modifications, renewals and/or replacements thereof, herein referred to collectively as the "Note").

This conveyance is made in trust in order to secure the payment of (1) the indebtedness evidenced by the Note(s), principal and all interest thereon, together with any and all extensions, modifications and/or renewals thereof, (2) all sums advanced by Beneficiary to Grantor or Debtor or expended by Beneficiary for Grantor's account or benefit pursuant to the terms of this deed of trust, with interest thereon as provided herein, and the faithful performance of all terms and conditions contained herein, (3) all costs and expenses, including without limitation reasonable attorney's fees, incurred in collecting the indebtedness secured hereby or in enforcing this deed of trust, and (4) any and all other indebtedness(es) of Grantor to Beneficiary, direct or contingent, however evidenced or denominated, and however or whenever incurred, including without limitation indebtedness(es) incurred pursuant to any previous, present or future commitment of Beneficiary to Grantor; provided, however, section (4) above will not apply to any other indebtedness if (a) a disclosure is required for such indebtedness under the Federal Truth-in-Lending Act or the Real Estate Settlement Procedures Act (RESPA) and such disclosure is not timely provided as required, or (b) if such other indebtedness includes a prohibited act or practice under the Federal Truth-in-Lending Act for a loan secured by a dwelling with the same features.

Grantor agrees to pay all real estate taxes and assessments on the Property promptly as they become due; to keep the improvements on the Property insured for the benefit of Grantor and Beneficiary against damage or loss by fire or other casualty (including hazards presently included in so-called "all-risk" coverage) with a company, in an amount, pursuant to a form of policy and containing a loss payable clause reasonably acceptable to Beneficiary; to keep the improvements on the Property in good repair and to permit no waste; to permit Beneficiary to inspect the Property at reasonable times and upon reasonable notice; and to permit no default under any senior deed of trust, mortgage or other encumbrance.

Upon the occurrence of any insurable casualty, Beneficiary shall have the right to adjust, compromise and settle the insurance claim as it sees fit without the necessity for the joinder or approval of Grantor, and Beneficiary in its discretion may apply the net insurance proceeds either to the satisfaction of the indebtedness secured hereby, in such order of priority as Beneficiary shall determine, or to the repair or restoration of the Property pursuant to a disbursement procedure satisfactory to Beneficiary.

Upon any condemnation or other taking of the Property or any part thereof by any authority pursuant to the power of eminent domain, Beneficiary shall be entitled to receive the entire amount awarded or paid for such taking, up to the full amount of the indebtedness secured hereby, which amount awarded or paid is hereby assigned to Beneficiary. Beneficiary's right to receive the amount awarded or paid upon any taking shall not be affected, restricted or in any way impaired by the amount or value of any remaining portions of the Property that may continue to be subject to this deed of trust.

If Grantor fails to comply with any agreement or covenant contained herein, Beneficiary shall have the right, but not the obligation, to comply or cause compliance therewith. Grantor shall reimburse Beneficiary on demand for the costs and expenses, including without limitation reasonable attorney's fees, that Beneficiary incurs in so doing, together with interest thereon at the default rate of interest, if any, provided in the Note(s); if none, then at the maximum contract rate of interest from time to time permitted by applicable law (in no event to exceed 24% per annum). Until repaid, all sums so advanced shall be part of the indebtedness secured hereby.

In the event that Beneficiary or Trustee voluntarily or otherwise shall become a party to any suit or legal proceeding to protect the Property or the lien and security title of this Deed of Trust, or involving the title to or Beneficiary's or Trustee's interest in the Property, Grantor shall indemnify and save harmless Trustee and/or Beneficiary from any and all liability and shall reimburse them for any amounts paid or incurred, including but not limited to all reasonable costs, charges and attorneys' fees, in any such suit or proceeding, together with interest thereon as hereinabove provided, and the same shall be secured by this Deed of Trust and its payment enforced as if it were part of the original indebtedness secured hereby.

If the indebtedness evidenced by the Note(s) or any extension, modification or renewal thereof is not paid when due, or if there is a breach of any covenant, condition or agreement contained herein or in any other instrument or document now or hereafter further evidencing, securing or otherwise related to the indebtedness secured hereby, or if any other default or event of default shall occur under any other instrument or document now or hereafter further evidencing, securing or otherwise related to the indebtedness secured hereby, or if any proceedings under any bankruptcy, receivership or other insolvency laws are instituted by or against Grantor or any of its property (and in the case of an involuntary proceeding, the same is not dismissed within 30 days of the institution thereof), then, in that event, the entire indebtedness, together with all interest accrued thereon, shall, at the option of Beneficiary, be and become at once due and payable without notice to Debtor. Trustee may, after giving twenty (20) days' notice of the time, terms and place of sale by three (3) weekly publications in some newspaper published in the county in which the Property is wholly or partially situated, sell the Property at public auction to the highest bidder for cash, for credit on the indebtedness secured, or upon such other terms as Trustee elects, free from equity of redemption, statutory right of redemption, homestead, dower, elective or distributive share and all other exemptions of every kind, which Grantor hereby expressly waive, and execute a deed to the purchaser, whom Grantor will put in immediate possession of the Property. Beneficiary may bid and become the purchaser at any such sale.

In the event of any sale under this Deed of Trust by virtue of the exercise of the power herein granted, or pursuant to any order in any judicial proceeding or otherwise, the Property may be sold as an entirety or in separate parcels and in such manner or order as Beneficiary in its sole discretion may elect, and one or more exercises of the power herein granted shall not extinguish or exhaust such power until the entire Property is sold or the indebtedness secured hereby is paid in full.

Any sale hereunder may be postponed by Trustee and reset at a later date without additional publication; provided that an announcement to that effect be made at the scheduled place of sale at the time and on the date the sale is set, either originally or by prior announcement of postponement.

In the event of any sale hereunder, Grantor and all persons holding thereunder shall be and become tenants at will of the purchaser, said tenancy to be terminable at the option of the purchaser immediately upon notice from the purchaser.

In the event of such sale, the proceeds shall be applied as follows:

First, to the costs and expenses of executing this trust, including a reasonable commission to Trustee for making the sale, a reasonable attorney's fee for the services of Trustee's attorney, and all costs and attorney's fees incurred in obtaining possession of the Property or enforcing Beneficiary's rights hereunder;

Second, to the payment of the rest of the indebtedness secured hereby, including without limitation the principal of and interest on the indebtedness evidenced by the Note(s);

Third, to any junior lienholder;

Fourth, the balance, if any, to Grantor or to any other person lawfully thereunto entitled.

No delay or forbearance by Beneficiary in exercising any or all of its rights and/or remedies hereunder or otherwise afforded by law shall operate as a waiver thereof or preclude the exercise thereof during the continuance of any default hereunder or in the event of any subsequent default hereunder, and all such rights shall be cumulative.

In the event that this Deed of Trust shall now or at any time after the date hereof be subordinate to any other encumbrance on the Property, Grantor hereby agrees that the lien and security title of this conveyance shall extend to the entire interest of Grantor in the Property conveyed hereby, and shall extend to the interest of Grantor and the proceeds from any sale of said Property whether by foreclosure of any such prior encumbrance or otherwise, to the extent any such proceeds exceed the amount necessary to satisfy such prior encumbrance(s). Any trustee or other person conducting any such sale or foreclosure is hereby directed to pay such excess proceeds to Beneficiary to the extent necessary to pay the indebtedness secured hereby in full, notwithstanding any provision of the contrary contained in any prior encumbrance.

If Trustee should decline or refuse, or for any reason be unable, to execute this trust when required to do so, or if, at the option of Beneficiary, Beneficiary wishes to replace Trustee, Beneficiary may nominate a successor having all of the rights and powers herein granted to Trustee by executing an appropriate instrument and, at Beneficiary's option, recording same in the aforesaid Register's Office.

In the event that more than one Trustee is named herein, any one of such Trustees, acting alone, shall have full power to act when action hereunder shall be required, and to execute any conveyance of the Property or any part thereof. In the event that more than one Trustee is named herein and the substitution of a Trustee shall become necessary for any reason, the substitution of one Trustee in the place of those or any of those named herein shall be sufficient. No Trustee shall be required to make oath or give bond in connection with this Deed of Trust.

If all or any part of the Property, or any interest therein, is sold or transferred by Grantor, without the prior written consent of Beneficiary, Beneficiary may declare all the indebtedness to be immediately due and payable.

All rights and obligations hereunder shall inure to the benefit of, and be binding upon, the heirs, representatives, successors and assigns of Grantor, Trustee and Beneficiary.

_____, spouse of Grantor, hereby joins in the execution and delivery of this Deed of Trust for the purpose of acknowledging and consenting hereto, and for the purpose of conveying to Trustee any and all right, title and interest that he/she may have in and to the Property, subject to and upon the terms and conditions set forth in this Deed of Trust.

The Debtor covenants and agrees that the Debtor (a) has not stored and shall not store (except in compliance with all Federal, state and local statutes, laws, ordinances, rules, regulations and common law now or hereafter in effect, and all amendments thereto, relating to the protection of the health of living organisms or the environment (collectively, "Environmental Requirements")) and has not disposed and shall not dispose of any Hazardous Substances (as hereinafter defined) on the Property, (b) has not transported or arranged for the transportation of and shall not transport or arrange for the transportation of any Hazardous Substances, and (c) has not suffered or permitted, and shall not suffer or permit, any owner, lessee, tenant, invitee, occupant or operator of the Property or any other person to do any of the foregoing.

The Debtor covenants and agrees to maintain the Property at all times (a) free of any Hazardous Substances (except in compliance with all Environmental Requirements) and (b) in compliance with all Environmental Requirements.

The Debtor agrees promptly; (a) to notify the Secured Party in writing of any change in the nature of extent of Hazardous Substances maintained on or with respect to the Property, (b) to transmit to the Secured Party copies of any citations, orders, notices or other material governmental communications received with respect to Hazardous Materials upon, about or beneath the Property or the violation or breach of any Environmental Requirement, (c) to observe and comply with any and all Environmental Requirements relating to the use, maintenance and disposal of Hazardous Substances and all orders or directives from any official, court or agency of competent jurisdiction relating to the use, maintenance, treatment, storage, transportation, generation and disposal of Hazardous Substances, (d) to pay, perform or otherwise satisfy any fine, charge, penalty, fee, damage, order, judgment, decree or imposition related thereto which, if unpaid, would constitute a lien on the Property, unless (i) the

validity thereof shall be contested diligently and in good faith by appropriate proceedings and with counsel reasonably satisfactory to the Secured Party and (ii) so long as the Debtor shall at all times have deposited with the Secured Party, or posted a bond satisfactory to the Secured Party in a sum equal to the amount necessary (in the reasonable discretion of the Secured Party) to comply with such order or directive (including, but not limited to, the amount of any fine, penalty, interest or cost that may become due thereon by reason of or during such contest); provided, however, that payment in full with respect to such fine, charge, penalty, fee, damage, order, judgment, decree or imposition shall be made not less than twenty (20) days before the first date upon which the Property, or any portion thereof, shall be seized and sold in satisfaction thereof, and (e) to take all appropriate response actions, including any removal or remedial actions, in the event of a release, emission, discharge or disposal of any Hazardous Substances in, on, under or from the Property necessary in order for the Property to be or remain in compliance with all Environmental Requirements, (i) upon the request of the Secured Party, to permit the Secured Party, including its officers, agents, employees, contractors and representatives, to enter and inspect the Property for purposes of conducting an environmental assessment, (ii) upon the request of the Secured Party, and at the Debtor's expense, to cause to be prepared for the Property such site assessment reports, including, without limitation, engineering studies, historical reviews and testing, as may be reasonably requested from time to time by the Secured Party.

In addition to all other indemnifications contained herein, the Debtor agrees to indemnify, defend and reimburse and does hereby hold harmless the Secured Party, and its officers, directors, agents, shareholders, employees, contractors, representatives, successors and assigns, from and against any and all claims, judgments, damages, losses, penalties, fines, liabilities, encumbrances, liens, costs and expenses of investigation and defense of any claim of whatever kind or nature, including, without limitation, reasonable attorney's fees' and consultants fees, arising from the presence of Hazardous Substances upon, about or beneath the Property or migrating to or from the Property or arising in any manner whatsoever out of the violation of any Environmental Requirements pertaining to the Property and the activities thereon, or arising from the breach of any covenant or representation of the Debtor contained in this Deed of Trust. The Debtor's obligations under this Section shall survive any foreclosure on the Property or repayment or extinguishment of the indebtedness secured hereby.

The provisions of this Deed of Trust are in addition to and supplement any other representations, warranties, covenants and other provisions contained in any other loan documents that Debtor has executed for the benefit of Secured Party.

For purposes of the Deed of Trust, "Hazardous Substances" shall mean any substance;

(a) The presence of which requires investigation, removal, remediation or any form of clean-up under any Federal, state or local statute, regulation, ordinance, order, action, policy or common law now or hereafter in effect, or any amendments thereto; or
(b) Which is or becomes defined as a "hazardous waste," "hazardous substance," "pollutant" or "contaminant" under any Federal, state or local statute, regulation, rule or ordinance or amendments thereto, including, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (42 U.S.C. § 9601 et seq.) and/or the Resource Conservation and Recovery Act (42 U.S.C. § 6901 et seq.); or
(c) Which is toxic, explosive, corrosive, flammable, infectious, radioactive, carcinogenic, mutagenic or otherwise hazardous and is regulated presently or in the future by any governmental authority, agency, department, commission, board, agency or instrumentality of the United States, the state where the Property is located or any political subdivision thereof; or
(d) The presence of which on the Property causes or threatens to cause a nuisance upon the Property or to adjacent properties or poses or threatens to pose a hazard to the health or safety of persons on or about the Property; or
(e) The presence of which on adjacent properties could constitute a trespass by the Debtor; or
(f) Which contains, without limitation, gasoline, diesel fuel or the constituents thereof, or other petroleum hydrocarbons; or
(g) Which contains with limitation, polychlorinated biphenyls (PCB'), asbestos or urea formaldehyde foam insulation; or
(h) Which contains, without limitation, radon gas; or
(i) Which contains, without limitation, radioactive materials or isotopes.

The use of the singular number herein shall include the plural, and vice versa, and the masculine or neuter gender shall include all other genders.

IN WITNESS WHEREOF, Grantor has executed this Deed of Trust, or has caused this deed of trust to be executed, on the 29th day of April, 2011.

_William E Kantz_    4-28-11
William E Kantz, Jr      Date

_____ Date

_____ Date

_____ Date

_____ Date

_____ Date

TNDT4 Rev. (4/20/09)     Page 4 of 5

<u>ACKNOWLEDGMENT</u>

Individual

STATE OF ___Tennessee___ )
                                           )ss.
COUNTY OF ___Davidson___ )

    Personally appeared before me, the undersigned, a Notary Public having authority within the State and County aforesaid, William E Kantz, Jr, with whom I am personally acquainted, and who acknowledged that he/she/they executed the within instrument for the purposes therein contained.

WITNESS my hand, at office, this 29th day of April, 2011.

My Commission expires:

___3-10-12___

_(signature)_
NOTARY PUBLIC

[Notary seal: KAREN E. RISNER, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY]

STATE OF _____ )
                                    )ss.
COUNTY OF _____ )

My Commission expires:

_____

NOTARY PUBLIC

EXHIBIT A

Land in Davidson County, Tennessee, being Lot No. 11 on the plan of Brigid Ann Heights, Section 3, of record in Plat book 4660, page 101, Register's Office for Davidson County, Tennessee, to which reference is hereby made for a more complete description thereof.

Being the same property conveyed to William E. Kantz, Jr. by Deed from Sandra Lee, unmarried dated 11/25/2009, Recorded 1/25/2010 in Instrument # 20100125-0006206 said Register's Office for Davidson County, Tennessee.

Being the same property conveyed to William E. Kantz, Jr., by Warranty deed, from Troy Heithcock and wife, Margaret Heithcock, of record in Instrument No. 20050110-0003205, Dated January 3, 2005, Register's Office for Davidson County, Tennessee. And being the same property conveyed to William E. Kantz, Jr. unmarried and Sandra Lee, unmarried by Strawman Quitclaim Deed from Russell J. McCann, of record in Instrument No 20080109-0002773, Register's Office for Davidson County, Tennessee.
William E. Kantz, Jr. and William E. Kantz are one and the same person.